# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**United States of America**

     *Plaintiff,*

**v.**               Case No. 3:06-cr-179
                 Judge Thomas M. Rose

**Donnell L. Cook,**

     *Defendant.*

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS.** (DOC. 94).

---

Pending before the Court is a motion by Defendant Donnell L. Cook to dismiss. Doc. 94. The Motion claims that the Government has violated the Constitutional protection of due process by means of a vindictive prosecution. The Government counters that there has been no showing of vindictiveness and that, indeed, it can show a reasonable explanation for its actions. Because the Court agrees with the Government, Defendant's motion will be denied.

**I. Background**

On August 24, 2006, a warrant to search "295 Pine Ridge Road, Apartment B, Harrison Township, Montgomery County, Ohio...." was executed. The warrant was based upon an affidavit that detailed three occasions when controlled purchases of crack cocaine had been made at this address. The execution of the search warrant resulted in the discovery of more narcotics and the arrest of Defendant.

On October 25, 2006, a federal grand jury sitting in Dayton, Ohio, returned a indictment charging Defendant in count one with conspiracy to possess with intent to distribute and conspiracy to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 846, in count three with possession of a firearm in furtherance of the conspiracy in violation of 18 U.S.C. § 924(c)(1), and in count four with possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1)(b)(1)(A)(iii). On November 3, 2006, Defendant was arraigned in front of Judge Thomas M. Rose, and pleaded not guilty to all counts of the Indictment.

At a hearing conducted on December 12, 2006, the Government informed Defendant and the Court that his "best case" scenario included 7 years, 4 months to 9 years of imprisonment, and that the "worst case" scenario was a term of imprisonment of 31 years, 4 months to 37 years, 5 months. On March 16, 2007, the Government explained that this scenario anticipated Mr. Cook's eligibility for a safety valve reduction or, alternatively, a 5K cooperation reduction.

Over the ensuing months, Defendant filed several motions in the case concerning, among other things: potential suppression of evidence (Doc. Nos. 24, 27, 39, 40, 46); the competency of Defendant to stand trial (Doc. Nos. 50-52, 57, 58, 62); and attorney representation issues (Doc. Nos. 55, 64). The Court ultimately set the trial of both defendants for June 23, 2008, pending resolution of these matters.

On June 19, 2008, Defendant sought and received a continuation of his trial until August 18, 2008. (Doc. Entry date 6/23/2008 & Doc. No. 68, 69). Shortly thereafter, on July 1, 2008, pursuant to a plea agreement, a co-defendant pleaded guilty to Count One of the indictment. (Doc. 71). Under the terms of his plea agreement with the United States, the co-defendant agreed to cooperate with law enforcement in this matter. (Doc. 70). Pursuant to this agreement, prior to the August 18, 2008

trial date, the co-defendant met with the United States and informed the Government that: Defendant had used the co-defendant to sell crack cocaine on multiple occasions throughout the years; Defendant "cooked" the crack cocaine that he and the co-defendant sold; Defendant obtained a firearm that he and the co-defendant used to protect the drug house from rival drug dealers; the co-defendant always carried this firearm with him when he answered the door at the drug house; and Defendant possessed the charged firearm in the moments before the police raid from which this case stems.

Based on this information, prior to trial, the United States presented new charges against Defendant to the grand jury–most notably, additional counts under 18 U.S.C. § 924(c) reflecting each time that the firearm Defendant had purchased for protection of the drug house was used in connection with a drug trafficking offense in this case, rather than just one count charging use in connection with the conspriacy. (Doc. No. 88). These additional charges apparently raise the mandatory minimum that defendant would face in the event of a conviction from approximately 15 years to 97 years. Shortly after return of the superseding indictment, Defendant sought and received a continuance of his trial date until November 10, 2008. (Doc. No. 91). Defendant now challenges the Government decision to seek the superceding indictment as unconstitutionally vindictive.

**II. Analysis**

The Sixth Circuit has addressed the framework for addressing a claim of vindictive prosecution:

> It is undeniable that due process prohibits an individual from being punished for exercising a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372 (1982). However, as the United States Supreme Court has made clear, "the Due Process Clause is not offended by all possibilities of increased punishment...but only by those that pose a realistic likelihood of

> 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 27 (1974). There are two approaches to showing prosecutorial vindictiveness: A defendant can show "actual vindictiveness," by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," or the Court can find a presumption of vindictiveness by applying the "realistic likelihood of vindictiveness," standard which focuses on the prosecutor's "stake" in deterring the exercise of a protected right and the unreasonableness of his actions. *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003), citing *Bragan v. Poindexter*, 249 F.3d 476, 481-82 (6th Cir. 2001).

*United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005).

When there is no allegation of actual vindictiveness a case, the proper standard is whether there exists a " 'realistic likelihood of vindictiveness.'" In assessing the current fact situation to see if it meets the above-stated standard, the Court must weigh two factors: (1) the prosecutor's "stake" in preventing assertion of the protected right and (2) the reasonableness of the prosecutor's actions." *United States v. Poole*, 407 F.3d 767, 775-76 (6th Cir. 2005). (citing *United States v. Andrews*, 633 F.2d 449, 453 (6th Cir.1980)). "If a defendant shows a 'realistic likelihood of vindictiveness,' a court may presume an improper motive, forcing the prosecution to rebut the claim." *United States v. Atkinson*, 2007 WL 1747151, 3 (W.D. Mich. 2007) (citing *Bragan v. Poindexter*, 249 F.3d 476, 481-82 (6th Cir.2001)). Two examples of acceptable rebuttals would be al discovery of previously unknown evidence and previous legal impossibility. *Id.* at 482.

The instant case bears similarities to *United States v. Goodwin*. In *Goodwin*, the Supreme Court looked at a prosecutor's pretrial decision to modify charges against the defendant. As in this case, there was no evidence that could give rise to an allegation of actual vindictiveness. The defendant in *Goodwin* claimed that an impermissible appearance of retaliation arose when the

prosecutor obtained a four-count felony indictment after the defendant requested a jury trial on misdemeanor charges arising from the same incident. *Goodwin*, 457 U.S. at 370-371.

In the instant case, Defendant has not created a presumption of vindictiveness:

> [t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted.

*Id.* at 384 (emphasis in original).

However, even if Defendant had created a presumption of vindictiveness, the Government has rebutted it. The Government explains that it sought the superceding indictment after it obtained the new evidence of the co-defendant's testimony and willingness to testify at trial. This would overcome a mere presumption, if one had been created.

### III. Conclusion

Because Cook has not brought evidence of actual vindictiveness, nor created a presumption of vindictiveness and because the Government has brought evidence sufficient to overcome such a presumption if it had been created, the Court **DENIES** Defendant's motion to dismiss. Doc. 94.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 3, 2008.

November 3, 2008

                                                                          s/Thomas M. Rose
                                                                   _____
                                                                          THOMAS M. ROSE
                                                      UNITED STATES DISTRICT JUDGE