# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:06-cr-179
                                           Also 3:13-cv-261

                                           District Judge Thomas M. Rose
  - vs -                              Magistrate Judge Michael R. Merz

DONNELL LETEL COOK,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court upon Defendant's filing of a Petition for Writ of Habeas Corpus (Doc. No. 132) and Motion for Appointment of Counsel (Doc. No. 133).

The Clerk docketed this filing as a Motion to Vacate under 28 U.S.C. § 2255, but the Court must treat it as a petition for writ of habeas corpus because Defendant has not referenced 28 U.S.C. § 2255 and the Supreme Court has forbidden the lower courts to re-characterize a post-conviction collateral attack as a § 2255 motion because defendants are limited to one such motion without permission of the Sixth Circuit Court of Appeals. *Castro v. United States*, 540 U.S. 375 (2003).

As with all *pro se* post-conviction collateral attacks on criminal judgments, the case has been referred to the undersigned. Upon initial review, the Magistrate Judge concludes the Petition is without merit and should be dismissed with prejudice.

1

The docket reflects that Cook was indicted by the grand jury for this District on August 13, 2008, in a nine count Superseding Indictment (Doc. No. 88). Count 1 of the Superseding Indictment charged Cook with conspiring with another person to distribute and to possess with the intent of distributing in excess of 50 grams of cocaine base. *Id.* at PageID 489.  With the advice of counsel, Cook entered into a Plea Agreement with the United States to plead guilty to Count 1 (Doc. No. 103).  As part of the Plea Agreement, Cook agreed to a statement of facts in which he admitted responsibility for at least 150 grams but less than 500 grams of crack cocaine. *Id.* at PageID 605.  As part of the Plea Agreement and also in the plea colloquy with Judge Rose, Cook was advised that the mandatory minimum sentence for the offense to which he was pleading guilty was ten years (120 months).  The parties agreed that a sentence in the range of 120 to 135 months would be an appropriate sentence. *Id.* at PageID 600.  Judge Rose actually sentenced Cook to the mandatory minimum of 120 months (Judgment, Doc. No. 122).

Cook brings this case in reliance on *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), where the Court held that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury  overruling *Harris v. United States,* 536 U.S, 545 (2002). *Alleyne* is the latest of the progeny of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where the Court held "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt," quoting *Jones v. United States,* 526 U.S. 227 (1999).

The United States  is already in compliance with *Alleyne* in this case.  The text of Count 1 of the Superseding Indictment charges the amount of crack cocaine in issue – at least fifty grams

2

– which is what the statute requires to elevate crack cocaine offenses to a mandatory minimum of ten years confinement. If Cook had not pled guilty, the Government would have had to prove that he was responsible for at least fifty grams of crack. However, as part of the Plea Agreement, Cook waived his right to a trial, including trial by jury, and admitted he was responsible for at least three times the amount necessary to authorize the mandatory minimum of ten years. The Supreme Court has never held that facts authorizing a mandatory minimum must be proved to a jury when they have been freely admitted as part of the plea bargaining process.

Aside from Cook's admission and guilty plea, his Petition is also barred by his Plea Agreement. The Plea Agreement at ¶ 9 provides in pertinent part "[t]o the extent permitted by law, the defendant further waives and gives up any right to bring a post-conviction collateral attack on the conviction or sentence." *Id.* at PageID 602.

Accordingly, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous. Petitioner's Motion for Appointment of Counsel is DENIED.

August 7, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge