# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:06-cr-179
                                                    Also 3:13-cv-261

                                                    District Judge Thomas M. Rose
   -  vs  -                              Magistrate Judge Michael R. Merz

DONNELL LETEL COOK,

                Defendant.      :

## DECISION AND ORDER; SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court upon Defendant's Objections (Doc. Nos. 135, 137) to the Magistrate Judge's Report and Recommendations (Doc. No. 134). Judge Rose has recommitted the matter for reconsideration in light of the Objections (Doc. No. 139). The case is also pending on Defendant's Motion for Appointment of Counsel (Doc. No. 133) and Defendant's Motions to Hold in Abeyance (Doc. Nos. 136, 138).

Although the Clerk had initially characterized this proceeding as a motion to vacate under 28 U.S.C. § 2255, the Magistrate Judge construed it as brought under 28 U.S.C. § 2241 because Defendant had not mentioned § 2255. *See Castro v. United States*, 540 U.S. 375 (2003). The Magistrate Judge nonetheless recommended the proceeding be dismissed with prejudice because (1) the United States was already in compliance with *Alleyne v. United States*. 570 U.S. ___, 133

1

S. Ct. 2151, 186 L. Ed. 2d 314 (2013), in this case and (2) Defendant had waived his right to collaterally attack the judgment in his Plea Agreement (Report, Doc. No. 134, PageID 711-12). By filing Motions to Hold 28 U.S.C. § 2255 Proceedings in Abeyance (Doc. Nos. 136, 138), Cook has made it clear he regards the present proceeding as brought under § 2255. That fact does not change the required analysis.[1]

**Objections to the Report and Recommendations**

In his Objections (Doc. No. 135), Defendant raises five questions:

1. Are Magistrate [sic] allow [sic] under law to address Habeas Corpus Petition [sic] ?
2. Are gun enhancement[s] elements of a crime?
3. Can a Defendant with Rule 11(c)(1)(C) Plea Agreements move for a reduction of sentence?
4. Is the crack cocaine law of (100 to 1) constitutional in the Six [sic] Circuit?
5. Can Court denied [sic] Doctrine of Precenent [sic]?

(Objections, Doc. No. 135, PageID 714.) Docket No. 137 appears to be a verbatim copy of Doc. No. 135 and will not be separately addressed.

**Magistrate Judge Authority**

Cook's question about Magistrate Judge authority to address habeas petitions is answered by the very statute he cites, 28 U.S.C. § 636(b) which explicitly authorizes District Judges to

---

[1] Because he has not shown that § 2255 does not provide a remedy for the claims he makes, Cook is not entitled to file a petition for writ of habeas corpus under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e).

refer to Magistrate Judges for report and recommendations on "applications for posttrial relief made by individual convicted of criminal offenses." This provision of the Magistrates' Act was adopted for the precise purpose of authorizing habeas corpus petitions, the most common form of application for post-trial relief, to Magistrate Judges. Ultimate authority to decide the application remains with the District Judge.

**Fed. R. Crim P. 11(c)(1)(C) Plea Agreements**

In *Freeman v. United States,* 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011), a plurality of the Supreme Court held that a defendant who has pled guilty pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) with an agreed sentence or an agreed sentencing range may later move for reduction of the sentence under 18 U.S.C. § 3582(c) where the sentencing range in question is later subject to retroactive amendment. The Plea Agreement in this case was indeed made under Fed. R. Crim. P. 11(c)(1)(C) and the parties agreed that an appropriate disposition was within the range of 120 to 135 months with an exception not eventually applicable (Doc. No. 103, PageID 599-600). Cook was sentenced to 120 months, within that range. However, Cook has not filed a motion for sentence reduction under § 3582 and in any event was sentenced to the mandatory minimum for the crime of which he was convicted. *Freeman* does not have any relevance to this case.

**Gun Enhancement**

Cook objects that the Magistrate Judge did not deal with his gun enhancement (Objections, Doc. No. 135, PageID 715). The Superseding Indictment in this case charged Cook in Count 1 with conspiring to distribute in excess of 50 grams of cocaine base (Doc. No. 88, PageID 489). Count 3 charged Cook with using and carrying a firearm during and in relation to a drug trafficking offense. *Id.* at PageID 492. Counts Five, Seven, and Nine charged additional instances of the same crime as Count 3 or of possession of a firearm in furtherance of a drug trafficking offense. *Id.* at PageID 492-93. Had the case gone to trial on the Superseding Indictment, the Government would have had to prove to the jury each element of the firearm counts by proof beyond a reasonable doubt.

However, the Plea Agreement provided for Cook to plead guilty only to Count One and for all the firearm counts to be dismissed. Cook was sentenced to the mandatory minimum for the offense of conviction, conspiracy to distribute in excess of fifty grams of cocaine base. No punishment for firearm possession – no gun enhancement – was imposed.

**The 100 to 1 Crack to Powder Cocaine Ratio's Constitutionality**

Cooks' Fourth Question is whether the 100-to-1 crack to powder cocaine ratio is constitutional in the Sixth Circuit. However, his Petition does not raise a claim that the ratio is unconstitutional and nothing in the Magistrate Judge's Report addresses this question.

**The Doctrine of Precedent**

Cook argues that the Report and Recommendations deny the doctrine of precedent. In support, he states "The Magistrate did not cited [sic] any Constitutional Grounds, cases law, for the Reason to (a) not allow the defendant (Cook) to admin [sic] his complaint." (Objections, Doc. No. 135, PageID 715.) The Magistrate Judge is not sure what this sentence means. Cook follows it with citation to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), quoting *Conley v. Gibson*, 355 U.S. 41 (1957), for the proposition that a complaint is not to be dismissed unless it is "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* has been overruled and no longer provides the proper standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And in any event Cook can prove no set of facts which would entitle him to relief because (1) the amount of drugs necessary to justify the mandatory minimum sentence was included in the Superseding Indictment and (2) Cook waived his right to mount a collateral attack on the judgment.

Cook argues that because the Court in *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), spoke about an indictment and not a "superseding indictment," that somehow *Alleyne* cannot be satisfied in this case because there was a superseding indictment. The purpose of a superseding indictment is to have the grand jury decide if there is probable cause to support an amendment to the original indictment. A United States Attorney cannot avoid the Grand Jury Clause of the Fifth Amendment by amending an indictment by himself; it must be approved by a grand jury. *Alleyne* does not in any way impact the obligation of the Government to submit a case to the grand jury for an amendment.

5

Cook argues that the Magistrate Judge misapplied *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne*.  He asserts that *Apprendi* only adopted a new procedural rule and therefore has not been applied retroactively, but *Alleyne* gives us a new substantive rule.  The Magistrate Judge believes it is unlikely that the federal courts will reach the conclusion that *Alleyne* is to be applied retroactively, but it is unnecessary to decide that question in this case because the Superseding Indictment here already complies with *Alleyne*.  That is, it charges the drug quantity necessary to warrant the 120 month mandatory minimum sentence which Cook received.  In fact, the original Indictment also complies with *Alleyne* by charging that the conspiracy involved more than fifty grams of cocaine base (Doc. No. 15, PageID 63).

**Validity of the Waiver of Collateral Attack**

Cook argues that the Government cannot enforce a waiver of the right to collaterally attack a judgment because such a waiver is only pursuant to Fed. R. Crim. P. 11 and a rule cannot interfere with substantive rights, citing 28 U.S.C. § 2072, the Rules Enabling Act.  The substantive right allegedly interfered with is Cook's rights under the 1964 Civil Rights Act.  Cook alleges he is a member of a "Protective" [sic] class, but he does not say which class.  In any event, he ends this section of his Objections with an incomplete sentence, alleging "[t]he U.S. Attorney Office violated the 1964 Civil Rights Act by . . . ."

It would be a violation of the 1964 Civil Rights act and probably of the Fifth Amendment directly if the United States Attorney insisted on collateral attack waivers from members of protected classes but not from others.  But Cook offers no proof of any such pattern of discrimination.

**Motions to Hold in Abeyance**

Cook has filed two Motions to hold these § 2255 proceedings in abeyance (Doc. Nos. 136, 138). Because these are non-dispositive pre-trial motions, they may be decided in the first instance by a Magistrate Judge, subject to appeal to the District Judge. The two Motions appear to be verbatim copies of one another, requiring only one analysis.

Cook requests that these proceedings be held in abeyance pending the *en banc* decision in *United States v. Blewett*, Sixth Circuit Cases No. 12-5226 and 5582. In a decision in that case reported at 719 F.3d 482 (2013), a panel of the court, in a 2-1 decision, held that the Equal Protection Clause, as incorporated by the Fifth Amendment, required that the Fair Sentencing Act be applied retroactively to persons sentenced before it was enacted. Judge Gilman in dissent pointed out that this was directly contrary to the holding in *United States v. Hammond*, 712 F.3d 333 (6th Cir. 2013).

It is the well-settled law of the Sixth Circuit that a panel of the Court cannot overrule the published decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or the Sixth Circuit *en banc* overrules the prior decision. *Hinchman v. Moore,* 312 F.3d 198, 203 (6th Cir. 2002); *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001); *Neuman v. Rivers,* 125 F.3d 315 (6th Cir. 1997); *Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985); *accord* 6th Cir. R. 206(c).

The Sixth Circuit has now granted rehearing *en banc* in *Blewett*. *United States v. Blewett,* 2013 U.S. App. LEXIS 15872 (6th Cir., July 11, 2013). The effect of this grant is that Judge Merritt's majority opinion is vacated and the law remains as determined in *Hammond*. However, the *en banc* court could overrule *Hammond*.

Cook has not yet made a claim to retroactive application of the Fair Sentencing Act in this case, but it appears he wishes to do so. Cook may file a motion to amend to state such a claim not later than October 10, 2013.

The Court will hold this case in abeyance pending the en banc decision in *Blewett*. That means the Court will not enter a final judgment until after the *Blewett en banc* decision is handed down. That does not suspend Cook's obligations to file any objections he may have to the report and recommendations portion of this document because it deals with issues separate and apart from the Fair Sentencing Act.

**Motion to Appoint Counsel**

Cook moves the Court to appoint counsel, expressing his understanding that he is entitled to appointed counsel. That is not correct. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). There is no constitutional right to appointed counsel in habeas cases. *McCleskey v. Zant,* 499 U.S. 467(1991). The Court has an obligation under the Rules Governing § 2255 Motions only to appoint counsel in cases where an evidentiary hearing will be held. Cooks' Motion to Appoint Counsel is DENIED without prejudice to its renewal if an evidentiary hearing is later ordered.

**Conclusion**

Cook's Objections are without merit.  It is therefore again respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Cook's Motion to Appoint Counsel (Doc. No. 133) is denied.  His Motions to Hold in Abeyance (Doc. Nos. 136, 138) are granted.

September 17, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).