# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| Plaintiff, | : | Case No. 3:06-cr-179 | |
|  |  | Also 3:13-cv-261 | |
|  |  | District Judge Thomas M. Rose | |
| -   vs   - |  | Magistrate Judge Michael R. Merz | |

DONNELL LETEL COOK,

Defendant.                         :

## AMENDMENT TO SUPPLEMENTAL REPORT AND RECOMMENDATIONS; ORDER FOR TRANSCRIPT

On September 18, 2013, the Magistrate Judge filed a Supplemental Report and Recommendations (Doc. No. 140) reconsidering a prior recommendation that the § 2255 Motion (Doc. No. 132) be dismissed with prejudice in light of Cook's Objections (Doc. No. 137).

Cook had objected

> The Magistrate fail [sic] to address defendant Gun Enhancements, The question become was the Gun in play or was it just found in house used by the Defendant? Was the Gun Enhancement present to a jury, or did a Judge make the Gun Enhancement by preponderance of evidence, and does the preponderance of evidence violated the defendant Sixth Amendment Rights, and the Ex Post Facto Clause of the U.S. Constitution ?
>
> These question[s] were not address[ed] by the Magistrate in their Report and Recommendation.

1

(Objections, Doc. No. 137, PageID 726.)

In the Supplemental Report, the Magistrate Judge dealt with this objection as follows:

> Cook objects that the Magistrate Judge did not deal with his gun enhancement (Objections, Doc. No. 135, PageID 715). The Superseding Indictment in this case charged Cook in Count 1 with conspiring to distribute in excess of 50 grams of cocaine base (Doc. No. 88, PageID 489). Count 3 charged Cook with using and carrying a firearm during and in relation to a drug trafficking offense. Id. at PageID 492. Counts Five, Seven, and Nine charged additional instances of the same crime as Count 3 or of possession of a firearm in furtherance of a drug trafficking offense. Id. at PageID 492-93. Had the case gone to trial on the Superseding Indictment, the Government would have had to prove to the jury each element of the firearm counts by proof beyond a reasonable doubt.
>
> However, the Plea Agreement provided for Cook to plead guilty only to Count One and for all the firearm counts to be dismissed. Cook was sentenced to the mandatory minimum for the offense of conviction, conspiracy to distribute in excess of fifty grams of cocaine base. No punishment for firearm possession – no gun enhancement – was imposed.

(Supplemental Report, Doc. No. 179, PageID 140.)

The Magistrate Judge has now learned from Judge Rose's October 9, 2013, letter to Cook that in fact a two point gun enhancement was imposed. Judge Rose remembered the case and confirmed his recollection by obtaining a transcript of part of the March 4, 2009, sentencing hearing. Therefore, the last quoted sentence above is in error and is hereby WITHDRAWN. In its place, the Magistrate Judge SUBSTITUTES the following:

**Gun Enhancement**

No punishment was imposed on Cook for Count Three, Five, Seven, or Nine of the Superseding Indictment which were all dismissed.  The two point enhancement under the Sentencing Guidelines was imposed on Cook based on ¶ 40 of the Presentence Investigation Report as a specific offense characteristic.  The Court adopted ¶ 40 based on a preponderance of evidence standard.  The Supreme Court of the United States has never held that findings of fact to sustain Sentencing Guideline enhancements must be found by proof beyond a reasonable doubt by either the Court or a jury.  To put it another way, sentencing enhancements are not "elements" of the offense which must be pled in the indictment or proven to a jury beyond a reasonable doubt under the *Apprendi* line of cases.


Cook's subsequent objection that his sentence violates the Plea Agreement (Doc. No. 141) remains pending and the court reporter is ordered to transcribe for the Court's use the proceedings of November 18, 2008, when Cook entered his plea.  The case remains stayed pending the outcome of the *en banc* rehearing in *United States v. Blewett*.

October 16, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).