# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 3:06-cr-179
                                           Also 3:13-cv-261

                                           District Judge Thomas M. Rose
   -  vs  -                           Magistrate Judge Michael R. Merz

DONNELL LETEL COOK,

          Defendant.      :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court upon Defendant's Objections (Doc. No. 145) to the Magistrate Judge's Amendment to Supplemental Report and Recommendations (Doc. No. 144). Judge Rose has recommitted the matter for reconsideration in light of the Objections (Doc. No. 146).

In his Objections, Cook claims that at his sentencing hearing he told Judge Rose that he had been promised he would only have to do eight-seven months, but then was sentenced to 120 months, which is the mandatory minimum for the offense to which he pleaded guilty (Doc. No. 145, PageID 761).

At Cook's request, the Magistrate Judge has caused preparation of a transcript of the sentencing hearing, which occurred on March 4, 2009 (Doc. No. 147). Judge Rose stated at the hearing that the Plea Agreement agreed that the sentencing range should be 120 to 135 months

1

unless the Court found Cook was qualified for treatment under the "safety valve" provisions, in which case the imprisonment range would be eight-seven to 108 months. *Id.*, PageID 767. After hearing argument, Judge Rose found that Cook had not proven his entitlement to the safety vale. *Id.* at PageID 807. He found that the Guideline sentencing range was 121 to 151 months, but that the mandatory minimum was 120 months, one month less than the bottom of the Guideline range. *Id.* PageID 810. Cook himself made a statement, but said nothing about being promised a sentence of eighty-seven months. *Id.* PageID 816.

The Magistrate Judge also had the plea colloquy transcribed and filed (Doc. No. 148). When asked by Judge Rose if he had been promised anything other than what was in the plea agreement, he answered "no." *Id.* PageID 863. At the same place, he said that he had gone through the calculations with his attorney and "it was like 77 months or something like that." *Id.* Judge Rose immediately asked if he had been promised a sentence and he again responded "no." *Id.* PageID 863-64. Defense counsel James Fleisher indicated the calculation related to additional time to be served, because Cook had been detained. *Id.* Those are the only places the word "promise" is used in the plea colloquy and they do not supported Cook's position.

Therefore Cook's Objection that he is entitled to an eighty-seven month sentence on the basis of the Plea Agreement or a promise collateral to that agreement should be overruled.

This case remains stayed pending the en banc decision of the Sixth Circuit in the *Blewett* case.

November 21, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).